IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| BILLIE JOE CHAPMAN, | |
|---|---|
| Petitioner, | 4:18CV3010 |
| vs. | |
| STATE OF NEBRASKA, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before me for initial review of Petitioner Billie Joe Chapman's ("Chapman") habeas corpus petition that I construe as seeking relief under 28 U.S.C. § 2241. In addition, Chapman asks this court for further review of his appeal to the Nebraska Court of Appeals.[1]

I conduct an initial review of the petition under 28 U.S.C. § 2243. Moreover, Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* allows me to apply Rule 4 of those rules to a section 2241 action. Chapman has filed five earlier petitions regarding his ongoing state criminal proceeding,[2] all of which have been denied without prejudice, and I take judicial notice of the records of this court in those cases as well as the state court records available online to this court. (*See* 8:17CV137; 8:17CV165; 8:17CV317; 8:17CV399; 4:18CV3002); *see also Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). I will also dismiss this petition without prejudice.

First, to the extent Chapman is, in effect, seeking federal review of the Nebraska Court of Appeals' order dismissing his appeal of the state district court

---

[1] *State v. Chapman,* No. A-17-001003, Nebraska Court of Appeals.

[2] *State v. Chapman*, No. CR17-729, Douglas County, Nebraska District Court.

order finding him incompetent and committing him to the Lincoln Regional Center for restoration of competency, this court lacks subject matter jurisdiction to do so. The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). The *Rooker-Feldman* doctrine stands for the proposition that federal district courts lack subject matter jurisdiction to review final state judgments or to review claims that are inextricably intertwined with state court decisions. *See Riehm v. Engelking*, 538 F.3d 952, 964 (8th Cir. 2008) (explaining limited scope of the *Rooker-Feldman* doctrine).

Secondly, the claims for habeas relief raised by Chapman in this petition are identical to those raised in 4:18CV3002, which I determined should be dismissed without prejudice. I take judicial notice of my Memorandum and Order dismissing that case and refusing to issue a certificate of appealability and incorporate the same herein. (*See* Filing No. 11, Case No. 4:18CV3002.) For the reasons stated in my Memorandum and Order dismissing 4:18CV3002, I dismiss the present habeas petition without prejudice and refuse to issue a certificate of appealability. Accordingly,

IT IS ORDERED that:

1. Chapman's petition for further review and habeas corpus (Filing No. 1) is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. All pending motions (Filing Nos. 5, 6, 7, 8, 9, & 10) are denied.

3. A judgment will be entered by separate document.

Dated this 22nd day of March, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge